UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALICE M. ELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:03CV110 FRB |
| ) | |
| JAMES A. ELDER, Deceased, ) | |
| by Matthew Hill, ad litem, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently pending before the Court is defendant *ad litem* Matthew Hill's Motion for Extension in Which to Depose Plaintiff, or, in the Alternative, Motion to Dismiss (filed June 28, 2005/Docket No. 46). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In a Case Management Order entered January 7, 2004, the Court ordered this cause to proceed in accordance with the schedule set out therein, including a schedule governing the amendments of pleadings, the completion of discovery, and the filing of dispositive motions. The matter was set for jury trial on March 7, 2005. Disputes arose during the course of the proceedings, resulting in various hearings before the Court as well as the extensions of certain deadlines imposed in the Case Management Order, including the deadline by which discovery was to be completed.

Specific to the instant motion, the undersigned notes that on January 7, 2005, defendant *ad litem* Matthew Hill was granted additional time to depose plaintiff Alice M. Elder, and the Court ordered such deposition to be completed not later than February 7, 2005. On February 7, 2005, defendant *ad litem* Hill again requested additional time to depose plaintiff, averring that he had made a good faith effort to arrange the deposition but that "plaintiff's counsel has informed defense counsel that he is currently unable to locate his client." (Deft.'s Mot. for Extension, Docket No. 42.) On

February 10, 2005, the Court granted defendant's request, and ordered that plaintiff's deposition be completed not later than April 8, 2005. The matter was at that time removed from the trial docket of March 7, 2005, to be reset upon further order of the Court.

On April 11, 2005, defendant filed a motion with the Court requesting additional time to depose plaintiff or, in the alternative, that the matter be dismissed for plaintiff's failure to be deposed. In his motion, defendant averred that he had made a good faith effort to arrange plaintiff's deposition, but that plaintiff's counsel had not responded. Plaintiff did not respond to this motion. On April 21, 2005, the Court granted defendant additional time to June 10, 2005, to depose plaintiff; and denied his request to dismiss the cause, but without prejudice to such request being renewed in the event plaintiff did not appear for deposition by June 10, 2005. On June 28, 2005, defendant filed the instant motion, again requesting additional time to depose plaintiff or, in the alternative, that the matter be dismissed for plaintiff's failure to be deposed. Defendant again averred that he had made a good faith effort to arrange plaintiff's deposition prior to June 10, 2005, but that plaintiff's counsel did not respond. Plaintiff did not respond to this motion.

On July 12, 2005, the Court ordered plaintiff to show good cause, in writing and not later than July 22, 2005, why defendant's request that this cause be dismissed for plaintiff's repeated failure to be deposed, should not be granted. Plaintiff was further ordered to show good cause, in writing and not later than July 22, 2005, why this cause should not be dismissed for plaintiff's failure to prosecute. Plaintiff was cautioned that failure to timely respond and/or to show good cause why this matter should not be dismissed would result in the dismissal of this cause with prejudice for failure to comply with Court Orders and failure to prosecute. A review of the file shows plaintiff not to have responded to this Court's Order of July 12, 2005, and the time for doing so has passed. Nor has plaintiff requested additional time to so respond.

Given the repeated nature of plaintiff's failure to submit to deposition in this cause, thereby requiring defendant *ad litem* Hill to continue to request assistance from the Court, and requiring this

Court to suspend the schedule imposed in this cause, including the scheduled trial of the matter; plaintiff's repeated failure to respond to motions pending before the Court; and plaintiff's failure to respond to Orders of the Court, plaintiff's cause of action should be dismissed with prejudice for failure to prosecute, failure to comply with Court Orders, and repeated failure to be deposed. See Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that defendant *ad litem* Matthew Hill's Motion for Extension in Which to Depose Plaintiff, or, in the Alternative, Motion to Dismiss (Docket No. 46) is **GRANTED** to the extent defendant seeks to dismiss this cause for plaintiff's repeated failure to be deposed. To the extent defendant seeks additional time to depose plaintiff, the motion is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this cause is hereby dismissed with prejudice for plaintiff's failure to prosecute, failure to respond to Court Orders, and repeated failure to be deposed.

Dated this 28th day of July, 2005.

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE